UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DRAHCIR PARSON,

                Plaintiff,

    v.                                                                                         9:16-CV-0167
                                                                                                  (DNH/CFH)

NATHAN YORK, Sheriff, Warren County,
ANTHONY J. ANNUCCI, Commissioner,
and CHRISTOPHER MILLER, Superintendent,
Great Meadow Correctional Facility,

                Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DRAHCIR PARSON<br>Plaintiff, pro se<br>917 Altamont Ave.<br>Schenectady, NY 12303 | |
| LEMIRE, JOHNSON LAW FIRM<br>Attorneys for Defendant York<br>P.O. Box 2485<br>2534 Route 9<br>Malta, New York 12020 | GREGG T. JOHNSON, ESQ.<br>APRIL J. LAWS, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>Attorney for Defendants Annucci and Miller<br>The Capitol<br>Albany, New York 12224 | MARK G. MITCHELL, ESQ.<br>Ass't Attorney General |

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

Plaintiff Drahcir Parson ("Parson" or "plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). Plaintiff, who did not pay the filing fee for this action, requested leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application").

After reviewing the complaint in accordance with 28 U.S.C. § 1915(e), in a Decision and Order filed March 30, 2016, Parson's IFP Application was granted, plaintiff's Fourteenth Amendment due process claims were found to survive sua sponte review, and the remaining claims were dismissed. Dkt. No. 3 (the "March 2016 Order"). Summonses were issued, and all defendants signed an acknowledgment of receipt of the summons and complaint. Dkt. Nos. 5, 8, 9.

On May 2, 2016, defendant York filed a motion to dismiss the complaint. Dkt. No. 13. In response to defendant York's motion to dismiss, Parson submitted an amended complaint. Dkt. No. 18 ("Am. Compl."). On June 6, 2016, defendant York filed a motion to dismiss the amended complaint. Dkt. No. 19. On June 20, 2016, defendants Annucci and Miller filed a motion to dismiss the original complaint. Dkt. No. 21.

Presently under consideration are Parson's amended complaint (Dkt. No. 18) and the motions to dismiss the original complaint (Dkt. Nos. 13, 21).[1]

---

[1] The motion to dismiss the amended complaint will be addressed separately.

## II. DISCUSSION

### A. Amended Complaint

Although Parson submitted his amended complaint as of right pursuant to Fed. R. Civ. P. 15(a), because plaintiff is proceeding in forma pauperis, his amended complaint must still be reviewed pursuant to 28 U.S.C. §§ 1915(e)(2) (B) before he can be permitted to proceed.[2]

In the amended complaint, Parson alleges that, while he was confined at the Warren County Jail as a pretrial detainee, he was (1) transferred to a maximum security state correctional facility, (2) placed in segregated confinement, and (3) subjected to unconstitutional conditions of confinement all in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and state law.[3] *See generally* Am. Compl.

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint is accepted for filing and requires a response. In so ruling, no opinion is expressed as to whether Parson's claims can withstand a properly filed motion to dismiss or for summary judgment.[4]

---

[2] Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3] Plaintiff also appears to claim that defendants violated his rights under the Eighth Amendment to the United States Constitution. *See* Am. Compl. at 2. However, because plaintiff was a pretrial detainee at the time of the alleged wrongdoing, the Eighth Amendment prohibition against cruel and unusual punishment would not apply because "a pretrial detainee . . . cannot be punished at all," *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010), and any unconstitutional conditions claims would be analyzed under the Due Process Clause of the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009).

[4] Indeed, defendant York has already filed a motion to dismiss the amended complaint. No position is taken on the motion to dismiss at this time.

3

### B. Motions to Dismiss the Original Complaint

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07-CV-0838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008) (citing *Haywood v. Republic Tobacco, Co., L.P.*, No. 05-CV-0842, 2007 WL 1063004 (W.D.N.Y. Apr. 6, 2007)). Two of the pending motions to dismiss are addressed solely to Parson's **original** complaint. *See* Dkt. Nos. 13, 21. Since the amended complaint has been accepted for filing and is the operative pleading, those motions to dismiss (Dkt. Nos. 13, 21) are **denied as moot**.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint (Dkt. No. 18) is accepted for filing and is considered the operative pleading;

2. The two motions to dismiss (Dkt. Nos. 13 and 21) the original complaint are **DENIED as moot**;

3. Defendants Annucci and Miller shall file a response to plaintiff's amended complaint **within thirty (30) days** of the filing date of this Decision and Order;[5]

4. Plaintiff may submit a response to defendant York's motion to dismiss (Dkt. No. 19) the amended complaint on or before August 5, 2016. Defendant York's reply to any such response is due on or before August 12, 2016; and

5. The Clerk shall serve a copy of this Decision and Order on the parties.

---

[5] Defendant York has already responded to the amended complaint by filing a motion to dismiss the amended complaint. Dkt. No. 19. As noted above, that motion will be addressed separately.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 13, 2016
　　　　Utica, New York.